CASE 96—PETITION ORDINARY—SEPTEMBER 29.

# City of Hopkinsville v. Boyd, Keeper of Work House.

### APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. STATUTORY CONSTRUCTION—MUNICIPALITIES—CAPIAS PRO FINE—
FEMALE PRISONER.—Under the provisions of section 2538 of the
Kentucky Statutes, which is a part of the charter for cities of the
fourth class, a female prisoner who has been convicted of a
misdemeanor or violation of a city ordinance may be imprisoned
in the city workhouse and confined there at work. The pro-
vision in section 1377 of the Kentucky Statutes that the jury, if
the defendant is a male, may provide in their verdict that the
defendant shall work at hard labor, was manifestly intended to
apply to counties where no workhouse has been erected, and to
such imprisonment as must necessarily be in the county jail,
and to such work at hard labor as must necessarily be done on
the street or public highway, and is not inconsistent with section
2538 of the statutes.

JOHN FELAND & SON FOR APPELLANT.

1. The act applicable to cities of the fourth class was approved
after the general law relating to crimes and punishments was
passed, and the provisions of the charter of such cities, even if
in conflict with the general law could not have been repealed
by it.

O. H. ANDERSON FOR APPELLEE.

(Brief not in the record.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Eve or Effie Bacon having been by the police court of
Hopkinsville tried and convicted of the offense of keeping
a bawdy house, a capias pro fine was duly issued and placed
in the hands of the proper officer, directing him to take

her body and deliver her to superintendent of the county workhouse of Christian county unless she satisfy the judgment by paying the fine of $20 assessed and costs taxed, there to be kept at labor for twenty days. But though in pursuance of the writ the officer did arrest and offered to deliver her to appellee, Boyd, superintendent of the workhouse, he refused to receive her because she, being a female, was not, by statute, made subject to such punishment.

Thereupon appellant, city of Hopkinsville, brought this action for a mandamus, requiring the superintendent to accept from the officer custody of the prisoner, and keep her at labor in the workhouse as directed by the writ. But the lower court sustained a general demurrer to the petition and dismissed the action. Section 2538 provides: "Upon all judgments of fines rendered by the city court, whether in favor of the Commonwealth or for the city, it shall be lawful for the city attorney to cause a *fieri facias* to be issued, to be levied on the estate of the defendant, or to take a *capias pro fine*, requiring the imprisonment of defendant in the city workhouse, if there be one, or the county jail, or confined at work upon the streets of said city, or in said workhouse, at the rate of one dollar per day until the fine and costs are paid, unless such rate of wages shall be changed by the board of council, and, when any fine and costs shall be paid by labor, the city shall not be liable to any officer for any part of such fine or cost. The defendant may, at any time, replevy said fine for three months by executing a bond, with good security thereon, for amount of fine and costs and six per cent. interest thereon."

That section is part of chapter 89, title "Municipal Cor-

porations," and of article 5, relating to cities of the fourth class, to which the city of Hopkinsville belongs. And by terms of it appellee, as superintendent of the workhouse, was authorized and required to receive and confine therein at labor the prisoner, Bacon. For though the workhouse in question does not appear to have been erected by the city of Hopkinsville alone and placed under its exclusive control, the petition of appellant contains a statement, to be taken on trial of the demurrer as true, that by authority of law the city of Hopkinsville and county of Christian made an agreement to jointly erect a workhouse on a lot of ground near the city, which was done. So the workhouse of which appellee is superintendent may be properly treated as a city workhouse in meaning and for purposes of section 3528, and be regarded as authorized and required to receive and confine therein at labor the prisoner, Bacon, in satisfaction of the judgment referred to.

But it may be contended that section 1377, being part of chapter 36, title of which is "Crimes and Punishments," is inconsistent with section 2538. The former is as follows: "When punishment for a crime is a fine or imprisonment in the county jail, or both, the jury may in their discretion, if the defendant is a male, provide in their verdict that the defendant shall work at hard labor until the fine and costs or imprisonment is satisfied, or until both are satisfied."

That section was manifestly intended to apply to counties where no workhouse has been erected, and imprisonment as punishment for a crime must necessarily be in the county jail, and work at hard labor be necessarily on a public street or highway, exposure to which it seems to be policy of the legis-

lature to exempt females. But it certainly has not so intended, nor does it in terms inhibit the imprisonment in a city workhouse and confinement there at work of either a female or male, who has been convicted of a misdemeanor, or violation of city ordinance, as section 2538 expressly provides may be done.

Wherefore, the judgment sustaining the demurrer and dismissing the action is reversed for proceedings consistent with this opinion.